UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-22410-Civ-COOKE/TURNOFF

EDITH J. McGEE,

    Plaintiff
vs.

YWCA MIAMI-DADE COUNTY,

    Defendant.
_____/

## ORDER OF DISMISSAL

THIS MATTER is before me on an independent review of the record. The Plaintiff, Edith J. McGee, filed a complaint on July 5, 2011, along with a Motion for Leave to Appeal *in forma pauperis*. On July 21, 2011, the Plaintiff filed an amended complaint. I have reviewed all of the Plaintiff's filings, the complaint and amended complaint,[1] and the relevant legal authorities. For the reasons explained in this Order, the Plaintiff's Amended Complaint is dismissed without prejudice.

### I. BACKGROUND

The Plaintiff, Edith J. McGee, alleges that the "YWCA, Miami-Dade County" violated her "contempt" and "rights" by firing her in retaliation for a complaint she made regarding other teachers at the YWCA. She also appears to bring a personal injury action.

---

[1] It appears that the Plaintiff amended her complaint to include a prayer for damages, but intended to incorporate the allegations raised in the complaint into the amended complaint. I have therefore construed the complaint and amended complaint together in evaluating the Plaintiff's case. *Cf. Asad v. Bush*, 170 F. App'x 668, 671 (11th Cir. 2006) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.").

The factual allegations contained in the Plaintiff's Complaint and Amended Complaint are lengthy and at times indiscernible.  In a nutshell, Ms. McGee alleges that she worked as a foster grandparent in a program run by the YWCA.  She alleges that she witnessed two teachers harming children at the YWCA.  She reported the misconduct, and as a result, the YWCA fired her.  She also alleges that a teacher hit her in the head with "a hard ball."  She claims, "they hurt my eye, made me sick, I have high blood [] me[di]cation."  Additionally, she claims another teacher pulled her ear "so hard it all my [*sic*] came out of my head."

## II. LEGAL STANDARDS

" *Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States,* 148 F.3d 1262, 1263 (11th Cir. 1998).  However, a court must dismiss an *in forma pauperis* case "at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).  Additionally, a district court must *sua sponte* inquire into subject matter jurisdiction, and may dismiss a case, whenever it may be lacking.  Fed. R. Civ. P. 12(h)(3); *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).  "[O]nce a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Id*.

## III. ANALYSIS

Plaintiff does not state the source of this Court's subject matter jurisdiction.  A court "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  A court shall also assert jurisdiction over civil actions where the matter in controversy exceeds $75,000, and is between citizens of different states or foreign countries.  28 U.S.C. § 1332.

This Court does not appear to have subject matter jurisdiction over this action. Plaintiff amended her claim to include a demand for damages in the amount of $20,000. Thus, Plaintiff does not meet the requirements for diversity jurisdiction. Although Plaintiff does not state under which laws she intends to pursue her claims, her claims appear to raise only state causes of action. Plaintiff raises two claims. The first claim is for employer retaliation because Plaintiff reported a violation of law. Such conduct may, in certain circumstances, constitute a violation of the Florida Whistleblower's Act, Fla. Stat. § 448.102. The second claim is for personal injury suffered at the workplace. Such an action would arise under Florida tort law. On its face, it does not appear that this Court has federal question jurisdiction over this action.

### IV. CONCLUSION

Because Plaintiff's Complaint fails to sufficiently allege subject matter jurisdiction, it is ORDERED and ADJUDGED that

1. The Plaintiff's amended complaint is **DISMISSED** *without prejudice*. Plaintiff may file a Second Amended Complaint on or before August 12, 2011, properly alleging a basis for this Court's jurisdiction.
2. All other motions are **DENIED** *as moot*.
3. The Clerk is directed to *administratively* **CLOSE** this matter.

**DONE and ORDERED** in chambers, at Miami, Florida, this 28TH day of July 2011.

*/s/ Marcia G. Cooke*
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Counsel of record*
*Edith J. McGee*, pro se

3